DAVID M. C. HUGHES *v.* THE SUCCESSION OF ALBERT G. CAREY, dec'd.

Where a party had given his note, payable to bearer, and secured by mortgage, and upon suit being instituted upon it by a third party, had set up as a defence the want of consideration, and for the purpose of throwing the burden of proving the consideration upon the plaintiff, offered in evidence a notarial act passed between himself and the original holder of the note, wherein the receipt of the money was acknowledged, the loss of the note recited, reference made to the newspaper in which the loss was published, and the Recorder was authorized to erase the mortgage—*Held:* That such an act was *res inter alios acta* as to plaintiff, and the recital therein contained could not be established by the instrument.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
*A. Lathrop*, for plaintiff and appellant. *Durant & Hornor*, for defendant.

MERRICK, C. J. The plaintiff sues upon a promissory note bearing date the 26th of August, 1854, drawn by the intestate, *Albert G. Carey*, for $1,500, payable to his own order five years after date, with interest, and endorsed by him.

The defence to the action is the want of consideration, and an allegation that the note was lost, and that plaintiff came into possession of it out of the course of trade and for an insufficient, or no consideration, and under circumstances which debar him from a recovery.

At the time the note was given, the intestate gave a mortgage to secure its payment. In the notarial act, he acknowledged himself to be indebted to *John B. Willis*, the mortgagee, in the full sum of $1,500, being the amount of a loan advanced to the said *Carey* in the lawful money of the United States. There is no testimony in conflict with this authentic admission. There is no proof of the manner in which plaintiff obtained possession of the note.

The defendant, in order to establish the allegations in the answer, so as to change the burden of proof, and to make it incumbent on the plaintiff to prove the consideration given by him for said note, offered to read in evidence a notarial act dated 27th September, 1855, passed between the mortgagee, *John B. Willis*, and *Carey*, wherein the receipt of the money was acknowledged, the loss of the note recited, reference made to the newspaper in which the loss was published, and the Recorder was authorized to erase the mortgage.

Plaintiff objected to the introduction of the act in evidence, and the same being received, he excepted.

The plaintiff complains of the admission of the act in evidence as error, and the defendant contends that the document was properly received, and has had the effect to throw the burden of proof upon the plaintiff to show that he acquired the note fairly.

We are of the opinion, that the notarial act releasing the mortgage was inadmissible for the purposes offered. The act was *res inter alios acta* as to plaintiff, and the recitals therein contained that the note had been lost, that publication had been made in the Courier of such loss, and that *Willis* had received payment, he being the holder, could not be established by the instrument.

These were all matters which ought to have been established by legal proof, and not by the declarations of the defendant and a third party where the plaintiff would be deprived of the benefit of a cross-examination. The note was payable to bearer, and plaintiff might have been its holder in the due course of business

before the pretended release of the mortgage, which was itself made between three and four years previous to the maturity of the note.

The testimony being inadmissible for the purposes offered, it is needless to inquire whether it might not have been made available if connected with other proof, and offered for another purpose.

The testimony being excluded, leaves the defendant without reply to plaintiff's demand.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed ; and it is now here ordered, adjudged and decreed, that the plaintiff do recover and have judgment against *Wm. Holmes*, as curator of the succession of *Albert G. Carey*, deceased, (to be paid in the due course of administration,) for the said sum of fifteen hundred dollars, with eight per cent. interest thereon per annum, from the 26th day of August, 1854, until paid, and the further sum of one hundred and fifty dollars attorney's fees for prosecuting this suit ; and it is further ordered, that the mortgage upon the property described in plaintiff's petition be recognized ; and it is further ordered, that the defendant pay the costs of both courts, also in due course of administration.